**In re ALLBEV, INC., Tin: 56–1542753, Debtor.**

**Bankruptcy No. 91–30818.**

United States Bankruptcy Court, W.D. North Carolina, Charlotte Division.

Nov. 5, 1993.

Wayne Sigmon, Trustee, Layton, Drum, Kersh, Solomon, Sigmon & Furr, P.A., Gastonia, NC.

Bradley E. Pearce, Moore & Van Allen, Charlotte, NC.

### ORDER ALLOWING CLAIM OF *PINE BROOK CENTER LIMITED PARTNERSHIP*

MARVIN R. WOOTEN, Bankruptcy Judge.

THIS MATTER came for hearing before this Court upon the objection of the Trustee, P. Wayne Sigmon, to the claim of Pine Brook Center Limited Partnership ("Pine Brook"), a North Carolina limited partnership. The Trustee objected to Pine Brook's claim on the grounds that Pine Brook filed its proof of claim after the bar date for filing proofs of claim and that Pine Brook's proof of claim did not have adequate supporting documentation.

### BACKGROUND

The facts are not in dispute. The Debtor originally filed a voluntary Chapter 11 petition on April 9, 1991. Pine Brook had a claim against the Debtor because of the Debtor's pre-petition breach of a non-residential real property lease. The Debtor filed a list of its 20 largest unsecured creditors which, as amended by the Debtor, listed Pine Brook's claim in the amount of $38,323.16 in the name of Pine Brook's general partner, Childress Klein Properties.

The office of the Clerk for this Court prepared, filed and served a notice of the Debtor's bankruptcy. This notice, dated May 1, 1991 (the "Chapter 11 Notice"), listed September 2, 1991 as the last date to file proofs of claim. The Chapter 11 Notice contained the additional provision that "[t]he last day to file proofs of claim is set forth above." Section 3 of the Chapter 11 Notice, however, explicitly modified this provision by stating that "[a]ny creditor whose claim is accurately scheduled and not listed as disputed, contingent, or unliquidated as to amount may, but need not, file a proof of claim in this case." This statement conforms to the provisions of 11 U.S.C. § 1111(a) and mirrors the language of Rule 3003(c)(2) of the Federal Rules of Bankruptcy Procedure, both of which state that a creditor whose claim is accurately listed by a Chapter 11 debtor does not need to file a proof of claim. Relying on the Chapter 11 Notice and the Debtor's filings, Pine Brook did not file a proof of claim.

On July 29, 1991, this case was converted to a Chapter 7 proceeding, and the office of the Clerk of this Court prepared, filed and served a notice of such conversion (the "Conversion Notice"). The Conversion Notice stated that the proof of claim bar date was

reset for November 25, 1991 and, exactly duplicating the language found in the Chapter 11 Notice, that "[t]he last day to file proofs of claim is set forth above." The Conversion Notice, however, failed to notify creditors of the impact of conversion on creditors who had not filed a proof of claim in the Debtor's Chapter 11 proceeding. Pine Brook failed to file a proof of claim by the November 25, 1991 bar date.

Counsel for Pine Brook averred to the Court that Pine Brook did not realize its mistake until April, 1992, when it received an unrelated notice in this case. On April 17, 1992, Pine Brook filed a proof of claim for an unsecured claim in the amount of $38,323.16, the same amount listed by the Debtor in its list of 20 largest unsecured creditors. On March 10, 1993, the Trustee filed an objection to Pine Brook's claim.

At the hearing on this matter, the Trustee stated that he had not made a distribution to unsecured creditors in this case and that Pine Brook had presented sufficient documentation to support its claim.

### DISCUSSION

The issue before this Court is whether Pine Brook's claim should be allowed, despite the fact that proof of such claim was not timely filed, because the notice of the bar date contained in the Conversion Notice failed to satisfy due process requirements.

■ The cornerstone of all due process jurisprudence is the Fifth Amendment to the United States Constitution, which requires "due process of law" before any person can be deprived of property. U.S. Const. amend. V. This provision applies to the present dispute because disallowance of Pine Brook's claim would prevent Pine Brook from receiving any distribution from the Debtor's estate in this bankruptcy proceeding.

■ Due process requires that affected parties receive adequate notice of judicial proceedings that may impact their property rights. As stated in the seminal case of *Mullane v. Central Hanover Bank & Trust,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), "[t]he notice must be of such nature as reasonably to convey the required information ..." to allow a party in interest to take appropriate steps to protect its property interests. *Id.* at 314, 70 S.Ct. at 657 (citation omitted). Mere *actual* notice is insufficient to satisfy due process requirements; the notice must be sufficient to alert the affected party of the potential impact of the proceeding on the party's rights.

■ Moreover, the holding of *Mullane* is directly applicable to the present situation even though it may be argued that Pine Brook's property rights were not altered by a "proceeding" but by Pine Brook's failure to timely file a proof of claim. The bar date is a purely administrative tool allowing debtors and trustees to assess the universe of claims against a debtor's estate. Neither the bar date nor the filing of a proof of claim involves a "proceeding." However, "[a] claim, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a). Section 501 does *not* impose a bar date on the filing of proofs of claim. These deadlines are set forth in Rules 3002(c) and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure. Once Pine Brook filed a proof of claim, its property rights against the Debtor's estate were not called into question until the Trustee objected to Pine Brook's proof of claim and this Court conducted a hearing on this objection. 11 U.S.C. § 502(b). The required hearing on the Trustee's objection to Pine Brook's proof of claim is the event that triggered the *Mullane* due process requirements, which govern the entire process for disallowing a claim.

■ The issue before this Court can be restated, then, as whether the Conversion Notice adequately informed Pine Brook that the conversion of the Debtor's case required creditors such as Pine Brook to file proofs of claim even though they were not required to do so while the Debtor was in a Chapter 11 proceeding.

The United States Court of Appeals for the Fourth Circuit recently addressed the issue of adequate notice in a situation where a secured creditor's claim was valued under 11 U.S.C. § 506(a) at a Chapter 13 plan confirmation hearing. *Piedmont Trust Bank*

*v. Linkous (In re Linkous)*, 990 F.2d 160 (4th Cir.1993). In the *Linkous* case, the creditor received a summary of the debtor's Chapter 13 plan that failed to mention one of the creditor's secured loans to the debtors and apparently altered payment terms to the creditor on another secured loan. *Id.* at 161, n. 1. The creditor also received notice of a hearing for confirmation of the debtor's proposed plan, but failed to attend the confirmation hearing or to object to confirmation of the Chapter 13 plan. *Id.* at 161. Notwithstanding the fact that the creditor arguably had been notified that its property rights would be affected by confirmation of the debtor's Chapter 13 plan, the Fourth Circuit held that the notice of the confirmation hearing was constitutionally inadequate because "... [the notice] did not make reference to an intent to reevaluate the secured claims pursuant to § 506(a)." *Id.* at 163.

■ Unlike the facts present in the *Linkous* case, the Conversion Notice that Pine Brook received specifically stated a new bar date for filing proofs of claim. However, the Conversion Notice did not specifically state that failure to file a proof of claim could deprive creditors of their property rights in the Debtor's bankruptcy estate, nor did it state that creditors whose claims had previously been listed by the Debtor, and were thus deemed filed under 11 U.S.C. § 1111(a), were now required to file proofs of claim in order to have such claims allowed in the Chapter 7 proceeding. This is essentially the same flaw criticized by the Fourth Circuit in the *Linkous* decision. Creditors are entitled to adequate notice of the effect of various proceedings and deadlines on their property rights—their claims—in bankruptcy proceedings. Failure to specifically notify creditors that their claims may be altered or disallowed may render the notice, even if such notice is contained in an Official Form prescribed by the Judicial Conference of the United States, constitutionally inadequate.

The Conversion Notice in this proceeding, approved by this Court and based on the Official Forms, bears striking resemblance to the bankruptcy notice recently criticized by the United States Supreme Court in *Pioneer Investment Services Co. v. Brunswick Asso-* *ciates Limited Partnership*, —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), where the bar date for filing proofs of claim was contained in a document entitled "Notice of Meeting of Creditors." *Pioneer*, —— U.S. at ——, 113 S.Ct. at 1494. The *Pioneer* court, in the context of addressing the issue of excusable neglect, stated that "... ordinarily the bar date in a bankruptcy case should be prominently announced *and accompanied by an explanation of its significance.*" *Id.*, —— U.S. at —— – ——, 113 S.Ct. at 1499–1500 (emphasis added). Absent "... any indication of the significance of the bar date," the notice "left a 'dramatic ambiguity' [of the significance of the bar date] in the notification." *Id.*, —— U.S. at ——, 113 S.Ct. at 1500 (citation omitted).

■ The same defect criticized by the United States Supreme Court exists with the Conversion Notice in this proceeding. The Conversion Notice, while stating that creditors had to file proofs of claim by the bar date, did not state the significance of the bar date. To have been adequate, the Conversion Notice should have explicitly stated that conversion of the case from Chapter 11 to Chapter 7 required creditors who had not been required to file proofs of claim while the Debtor was in Chapter 11 to file proofs of claim to preserve their claims. Without an explicit statement to this effect, the Conversion Notice was constitutionally inadequate under due process standards. Creditors such as Pine Brook did not receive "notice reasonably calculated, under all the circumstances, to apprise interested parties" of the effect of the conversion and of the bar date. *Mullane*, 339 U.S. at 314, 70 S.Ct. at 657.

This ambiguity in the Conversion Notice was compounded by the use of language and format similar to that was used in the Chapter 11 Notice. The Conversion Notice contained exactly the same language concerning the bar date as did the original Chapter 11 Notice. The Conversion Notice did not inform creditors such as Pine Brook, whose claims were previously deemed filed under the provisions of 11 U.S.C. § 1111(a), that the Conversion Notice superseded all provisions, including Section 3, of the Chapter 11 Notice. Without more, a creditor could erro-

neously assume that Section 3 of the original notice was still effective, and that such creditor did not have to file a proof of claim if its claim had been scheduled by the Debtor. The ambiguity created by the lack of a statement that the Conversion Notice superseded all provisions of the Chapter 11 Notice, coupled with the lack of a discussion of the effect of conversion on creditors' claim, renders the Conversion Notice inadequate under due process standards.

Moreover, this constitutional deficiency cannot be cured solely by reference to the Federal Rules of Bankruptcy Procedure. While it may seem obvious to those experienced in bankruptcy law that the provisions of Fed.R.Bankr.P. 3003 are superseded by the provisions of Fed.R.Bankr.P. 3002 upon the conversion of a case from Chapter 11 to Chapter 7, such an assumption does not render otherwise ambiguous notice constitutionally adequate. *Cf. Linkous,* 990 F.2d at 163 (debtor still required to provide sophisticated creditors with constitutionally adequate notice despite the "recognized responsibilities" of such creditors to protect their rights). Indeed, even an experienced attorney who is not familiar with bankruptcy law may mistakenly make the same mistake as Pine Brook because neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure discuss the impact of conversion on creditors whose claims are deemed filed under 11 U.S.C. § 1111(a). *See* 11 U.S.C. §§ 348 and 1112 (dealing with the effects of conversion of Chapter 11 bankruptcy cases). It is conceivable that a reasonable creditor could, even after examining the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, make the same mistake as Pine Brook and assume that Section 3 of the Chapter 11 Notice was still effective after conversion of the Debtor's case to a Chapter 7 proceeding.

The foregoing discussion, however, does not inevitably lead to the conclusion that this Court must automatically allow Pine Brook's claim regardless of the status of the underlying bankruptcy proceedings. In the present case, the Trustee had not made a distribution to unsecured creditors when he objected to Pine Brook's claim. If the Trust-

ee had already made such a distribution, or even if he had only prepared for such a distribution and such preparations were complicated or required the expenditure of a substantial part of the remaining assets of the Debtor's bankruptcy estate, this Court could have denied Pine Brook's claim based solely on the provisions of Fed.R.Bankr.P. 3002(c). Such a decision would comply with both the purpose of Chapter 7 (*see, e.g., Pioneer,* —— U.S. at ——, 113 S.Ct. at 1495 (the goal of Chapter 7 is to promptly close and distribute a debtor's estate)), and with due process jurisprudence, since "[a] construction of the Due Process Clause which would place impossible or impractical obstacles in the way [of according finality to judicial proceedings] could not be justified." *Mullane,* 339 U.S. at 313–14, 70 S.Ct. at 657. Absent recognition of such factors and balancing them against a creditor's property interest, virtually no prior bankruptcy case that converted from a Chapter 11 proceeding to a Chapter 7 proceeding would have any meaningful finality.

### CONCLUSION

Based on the foregoing facts and the discussion of applicable legal principles, this Court concludes that Pine Brook, while it received actual notice, failed to receive adequate notice that it was required to file a proof of claim upon conversion of the Debtor's case to a Chapter 7 proceeding. Because the Trustee had not made a distribution to other unsecured creditors and would not incur significant additional costs to calculate and make distributions to unsecured creditors in this case, the inadequate notice is sufficient to force this Court to conclude that Pine Brook's claim should be allowed despite the specific provisions of Fed.R.Bankr.P. 3002(c).

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Pine Brook's claim in the amount of $38,323.16 is allowed as an unsecured claim under the provisions of 11 U.S.C. § 502(b).

IT IS SO ORDERED.